UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 19-cr-251 (RDM) |
| | : | |
| **ANDRA VANCE** | : | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*
TO LIMIT SCOPE OF DEFENDANT'S ARGUMENTS AND EVIDENCE

Defendant Andra Vance, by his attorney, files this response to the government's *in limine* motion seeking to limit the scope of the defendant's arguments and evidence in three different areas.[1]

**1. Specific Prior Good Acts of Defendant**

The government states that it "anticipates that the defendant may try to introduce extrinsic evidence of specific instances when he did not commit a crime or bad act, or evidence of a 'good act' in an effort to paint himself in a more positive light in front of the jury."[2] The government has absolutely no basis for this expectation, much less for its extremely insulting statement that the defendant intends to deliberately mislead the jury.[3]

It is inarguable that evidence of prior good acts by the defendant is generally inadmissible.[4] It is equally true that F.R.E. 405(b) does not allow a party to present evidence of specific instances

---

[1] Document No. 15.

[2] Motion, p. 1.

[3] There has been no communication of any kind between the parties on this subject matter. (The claim that the defendant intends to mislead the jury appears on page two of the government's motion.)

[4] Otherwise inadmissible evidence can become admissible when the adverse party opens a door to it.

1

of conduct to prove a character trait, unless that trait "is an essential element of a charge, claim, or defense." Defendant concedes that character is not an essential element of the charges levied against him. Therefore, the rule would bar proof of the defendant's character through specific acts.

It is unclear from the government's motion how broad its request is. If it is contending that the defendant should be barred from presenting personal background information to the jury if he elects to testify, its request should be denied. The law plainly allows such testimony to be admitted.

The Advisory Committee Note to F.R.E. 401 says that the "fact to which evidence is directed need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." It is clear that "it is well within a trial court's discretion to allow testimony concerning a witness' background, including military service, as part of an introduction of the witness to the jury." *United States v. Lucas,* 395 F.Supp. 3d 241, 256 (W.D.N.Y. 2019). *See also, United States v. Blackwell,* 853 F.2d 86, 88 (2d Cir. 1988). "[R]easonable background information about a witness is always admissible, precisely because it allows the jury to make better informed judgments about the credibility of the witness and the reliability of that witness' observations. (Citations omitted.)" *United States v. McVeigh,* 153 F.3d 1166, 1201 (10th Cir. 1998).

The government also asks the court to "inquire as to whether the defendant intends to introduce good character evidence other than opinions or reputation."[5] It cites no authority in support of its novel request – for the simple reason that no such authority exists.

There are statutes and rules that require the defendant to make certain pretrial disclosures. For example, Fed.R.Cr.P.-Rule 12.2 requires the defendant to provide pretrial notice of a defense based on a mental condition; Rule 12.1 requires the defendant, in response to a written request by the government, to provide notice of an alibi defense; and there is a statutory requirement of notice to the government when a defendant plans to introduce classified information at his trial. *See, e.g., United States v. North,* 910 F.2d 843 (D.C. Cir. 1990); *United States v. Poindexter,* 725 F.Supp. 13

---

[5] Motion, p. 5.

(D.D.C. 1989).  In the absence of such a rule or statute, it is not proper for the court to inquire about the specifics of the defense, nor for the government to request that inquiry: "'there is no authority for the proposition that a court has inherent authority to compel a defendant to provide pretrial discovery which is not specifically authorized in Rule 16.' (Citations omitted.)" *United States v. Dailey,* 155 F.R.D. 18, 20 (D.R.I. 1994).  *Accord, United States v. George,* 786 F.Supp. 11, 15 (D.D.C. 1991).  In fact, requiring the defendant to reveal any aspect of his trial strategy before trial, except when specifically authorized by rule or statute, is a due process violation.  *See, e.g., United States v. Wright,* 489 F.2d 1181, 1194 (D.C.Cir. 1973).

In essence, the first part of the government's *in limine* motion asks the court to issue an order directing the defendant to comply with the Federal Rules of Evidence, based on its apparent belief that the defendant is unfamiliar with those rules and/or plans to willfully violate them.  Neither of those assumptions is true.  The prosecution's request is the equivalent of the defendant's filing a motion asking for a pretrial ruling that the government should not lead its witnesses.  The request is superfluous and a waste of valuable resources.  Accordingly, it should be denied.

   2. **Evidence of Complaining Witness's Mental Health.**

The government flatly states that the complaining witness's[6] "medical diagnosis of bipolar disorder has no relevance to the government's case, nor does it establish any legal defense justifying defendant's actions."[7]  There are two principal flaws in the government's position.

First, it is premature for the court to conclude that a particular piece of evidence will be irrelevant for all purposes at trial.  Evidence law requires the most fact-specific of legal analyses.  Until the government presents its case, it is impossible for the court to conclude either that the fact of the complaining witness's mental illness is irrelevant or that the risk of unfair prejudice

---

[6] The government consistently refers to the complaining witness as the "victim".  That term is improper on the facts of this case, as it presupposes that a crime was committed.  This issue will be addressed in the defendant's *in limine* motion.

[7] Motion, p. 5.

3

substantially outweighs the probative value.

Second, to the extent that the government argues the witness's mental illness could not possibly be relevant, it is simply wrong. According to the prosecution, its case "entails establishing that the defendant unreasonably seized the victim by willfully applying excessive force against a non-resisting and non-assaultive person by repeatedly striking him with a dangerous weapon.[8] Any evidence of the victim's mental disability does not help to establish any element of any charged offense, nor would such evidence be relevant to any legitimate defense."[9]

The government's argument is circular and incorrect as a matter of law. The use of the word "victim" presupposes that a crime was committed. That is precisely what the government needs to prove at trial. In other words, the government is arguing from a presumption of guilt.[10] And while the prosecution is correct that it must prove at trial that the defendant's actions were unreasonable, it ignores the obvious fact that the reasonableness of an officer's actions in effecting an arrest depends, to a large extent, on the behavior of the person being arrested. Mental illness can cause a person to behave irrationally. An officer arresting such a person might well have a need to use more force than would be reasonable in arresting a calm person. Mental illness – and medication taken for that illness – can affect a witness's ability to accurately perceive and/or recall events. Evidence of that illness could, therefore, well be relevant and admissible. The court cannot possibly make that determination until it hears the evidence.[11] Consequently, the second part of the government's motion should be denied.

---

[8] Defendant submits that the government's evidence will not establish "repeated" strikes.

[9] Motion, p. 5.

[10] The same presumption of guilt underlies the government's claim that the complainant was "non-resisting and non-assaultive". That is a finding of fact that only the jury can make.

[11] In order to avoid exposing the jury to evidence that the court deems inadmissible, there is a simple practical expedient: The court can require the defense to approach the bench and ask for a ruling that he may inquire about the mental health diagnosis.

3. **Evidence of Complaining Witness's Criminal Record.**

The government's third request is that the court should preclude the defendant from introducing evidence of all but two of the complainant's criminal convictions. It further asks that the court impose strict limitations on questions that the defendant may ask about those two convictions.

A. **If the Witness Testifies.**

The government has listed five felony convictions for the complaining witness, Darrell Craig, but has provided scant information about them. As an initial matter, the defendant asks that the court direct the government to identify the courts in which the convictions were obtained so that the defendant can investigate them.

The government's argument reflects a lack of understanding of the law applicable to impeachment by prior conviction. It errs in its description of the type of convictions that are available for impeachment and its analysis of the staleness issue. And it has not provided the court with sufficient facts on which to base its ruling.

The government lists only the conviction dates for the offenses and then states: "Notably, only two of the five felony convictions occurred within the last ten years . . . ."[12] In fact, there is nothing notable about the dates of convictions because those are not the dates that matter for purposes of determining whether a particular conviction is stale. As F.R.E. 609 clearly states, "[t]his subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*. (Emphasis added.)" In order for the defense to make a full response to this argument and for the court to make a ruling, the prosecution should disclose the sentence that Craig received and the exact date that he was released from incarceration. If release from incarceration occurred within the last ten years, then Rule 609(b) is not implicated. Neither the defense nor the court can adequately address this issue without knowing the date when Craig was

---

[12] Motion, p. 7.

5

released from prison on the first three charges listed in the prosecution's motion.

Despite the fact that the felon in possession of a firearm conviction itself is less than a year old, the government argues that it should be excluded from evidence under Rule 403 because it does not have "any arguable baring [sic] on a witness's credibility. Accordingly, the prejudicial impact of introducing D.C.'s[13] felony conviction is substantially outweighed by any probative value of such evidence . . . ."[14] This argument also ignores the wording of the rule.

Rule 609(a)(1)(B) provides that a witness's felony conviction "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . . ." In other words, such a conviction must be admitted, unless the court determines that it should be excluded under Rule 403. The only argument that the government offers in support of its position that Rule 403 should bar the admission of the gun conviction is that the charge does not implicate Craig's credibility. In other words, its position is that a witness cannot be impeached with a non-stale felony conviction unless that conviction implicates credibility. That argument is meritless. The defendant concedes that a felon-in-possession charge does not require proof of a dishonest act or false statement, but that fact is irrelevant to a 609(a)(1)(A) analysis. Subparagraph (a)(2) provides that a witness can be impeached with a misdemeanor, if that misdemeanor requires proof of dishonesty or false statement. It has no applicability to the court's analysis of whether a felony conviction is admissible under (a)(1)(A). The government's attempt to graft subparagraph (a)(2) onto (a)(1)(A) would render the latter subparagraph superfluous.

The prosecution does not even attempt to argue that a recent felony gun conviction fails an independent 403 analysis. The only case it cites, *Knight v. Miami-Dade County,* 856 F.3d 795 (11th Cir. 2017), lends no support to its argument. The quotation from page 816 of the opinion cited by the government is just a generic summary of the 403 test. The court in *Knight* found no error in the admission of the prior convictions, noting that "'[t]he implicit assumption of Rule 609 is that prior

---

[13] "D.C." is a reference to the complainant, Darrell Craig.

[14] Motion, p. 7.

felony convictions have probative value.' (Citation omitted.)" 856 F.3d at 817.  As indeed they do.

### B. If the Witness Does Not Testify.

Even if the government decides not to call Craig to the stand, the defendant should be allowed to introduce evidence of his prior convictions.[15]  The defendant expects to show at trial that Craig was obstreperous, agitated, and resistant when the defendant first tried to talk to him and then tried to arrest him for fare evasion and that, therefore, the force he used was reasonable.  The defendant also believes that the only reason that the government would decide not to call Craig to the stand is that he would not be a credible witness.  A ruling that the jury could not then hear about his qualifying convictions would cripple the defense to such an extent as to constitute a due process violation.

### CONCLUSION

The court should deny the government's *in limine* motion in its entirety.

Respectfully submitted,

/s/
_____
Cheryl D. Stein
D.C. Bar No. 256693
1824 N. Capitol St., N.W.  Suite 1
Washington, D.C.  20002
202-388-4682 (tel.)
202-393-4683 (fax)
cdstein3@verizon.net
   Attorney for Andra Vance

---

[15] The defendant is referrring to Craig's non-stale convictions.  As already discussed, it is not currently clear how many of them fall into this category.