US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL No. 19 - CR - 251 (RDM) |
| ANDRA VANCE        DEFENDANT | : |

## NOTICE OF FILING

Mr. Vance, through counsel, respectfully moves this court for permission to late file the attached Proposed Jury Instruction on Missing witness and the Adverse Inference that applies.

In response to the court's Minute Order, filed on April 12, 2021, the defense counsel's delay was attributable to the defendant's desire to call the complainant as a witness. His counsel provided me with an address, however the residents in that building maintain that he is no longer there. Counsel was aware of the court's previous order requiring instructions be filed by a certain date. The issue of the government electing not to call the complainant has been before the court for almost a year. Counsel requested a special instruction and it was not filed timely. However, it certainly should come as no surprise to the government. Notwithstanding that, the court did order that this instruction be filed months ago and counsel failed to timely file it. If the court wants to know the specific reasons, counsel can provide them to the court Ex Parte. Last counsel would ask that the court not penalize Mr. Vance because this instruction is late filed.

Respectfully submitted,

*Bernard S. Grimm*

Bernard S. Grimm
*Counsel for Andra Vance*
The Law Office of Bernard Grimm
409 7th Street N.W., Suite 300
Washington D.C. 20004

US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : CRIMINAL No. 19 - CR - 251 (RDM) |
| ANDRA VANCE | : |
| DEFENDANT | : |
| _____ | : |

### PROPOSED ADVERSE INFERENCE INSTRUCTION

Andra Vance, through undersigned counsel, files this proposed jury instruction regarding Adverse Interest.

I am instructing you that the government has the burden of proving Mr. Vance's guilt Beyond A Reasonable Doubt. Mr. Vance is presumed innocent therefore has no obligation to present any testimony or evidence, and you cannot infer anything if he has not provided evidence you thought would be forthcoming. It is the government's burden to prove this case Beyond a Reasonable Doubt. The government has elected not to call the person seen in the video that is interacting with Officer Vance, running away and being chased by both police officers.

You may conclude that had they called this witness, his testimony would have been unfavorable to the government's case.

### ARGUEMENT

Mr. Vance is prepared to argue the why the instruction submitted by the defendant is in balance with the law, and the unique facts of this case.

Mr. Craig has been arrested over 16 times in the District of Columbia alone. He has at least 3 prior alias's and perhaps has abused drugs in the past. Counsel has never heard or witnessed the government employing a tactic or trial strategy like this in 26 years. However, given the potential impeachment Mr. Craig would be subject to, shielding the jury from this

1

makes sense. Unfortunately, it also interferes with the search for the truth and Mr. Vance's right to confront his accusers. *See Davis v. Alaska, Crawford v. Washington*. The government is often surrounded with unsavory witnesses given the nature of crime and where it occurs. That doesn't give them the right to transgress the defendant's right to a fair trial under the Due Process Clause. Mr. Craig should not be regarded as the complainant in this case. No evidence will be before the jury that he ever wanted charges filed. His only interest was to assault Officer Vance, which was overheard by numerous witnesses. How can a jury render a reliable verdict when they will never know Mr. Craig's lengthy record, which is admissible under Rule 609 or evidence of previous attempts to escape the police? All have direct bearing on his credibility. If the court accepts the government's argument on how the case should be presented to the jury, then it is endorsing that the jury should be kept in the dark regarding the most important witness in the case. If the government proceeds in this fashion, the only relief that Mr. Vance has is to request that the court give the requested instruction. *See Katkish v. District of Columbia*, 763 A.2d 703 (D.C. 2000).

Respectfully submitted,

*Bernard S. Grimm*

Bernard S. Grimm
*Counsel for Andra Vance*
The Law Office of Bernard Grimm
409 7th Street N.W., Suite 300
Washington D.C. 20004

<u>Certificate of Service</u>

I hereby certify that this motion was filed with the court through the PACER, ECF filing protocol this 15th of April 2021, which will automatically generate a copy and make it available to opposing counsel Assistant United States Attorney's, Donald Tunnage and Kendra Briggs.

*Bernard S. Grimm* (signature)

Bernard S. Grimm
*Counsel for Andra Vance*
The Law Office of Bernard Grimm
409 7th Street N.W., Suite 300
Washington D.C. 20004

US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIMINAL No. 19 - CR - 251 (RDM) |
| ANDRA VANCE | : |
| DEFENDANT | : |
| | : |
| _____ | : |

### [PROPOSED] ORDER

Upon consideration of the defendant's motion for Leave to Late File the defendant's proposed instruction on Adverse Inference, that request is hereby GRANTED.

_____

Judge Randolph D. Moss
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

COPIES TO:

Kendra Davis Briggs
United States Attorney's Office
555 4th Street NW
Washington, DC 20530

Donald Walker Tunnage
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave, NW
Washington, DC 20005

Bernard S. Grimm
*Counsel for Andra Vance*
The Law Office of Bernard Grimm
409 7th Street N.W., Suite 300
Washington D.C. 20004