UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | No. 19-251 (RDM) |
| ) | |
| ANDRA L. VANCE, ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

## MOTION TO DISMISS INDICTMENT

The defendant, Andra Vance, respectfully requests that the Court dismiss the indictment in this case because of the destruction of evidence, as discussed below. The motion is being filed now because it is based upon a report that was provided to the defense on June 28, 2022.

## FACTS

On June 28, 2022, the government provided the defense with the attached notes of an interview with MTPD Captain Daniel Alvarez. In those notes Alvarex admits having reviewed emails from at least two MTPD officers speaking about Mr. Vance's character and complaining about the actions of Officer Ulrich on the day of the events. Ulrich was working with Mr. Vance on the day in question. This report is the first time the names of those officers were provided to the defense.

On his own, Alvarez decided that the emails "were not accurate" based on his review of the "station video of the incident." Alvarez—who was not a witness to any of the events—stated that the "members weren't witnesses to the incident."

Alvarez did no investigation of the emails, and did not contact the officers or conduct any further assessment of the situation:

> because the station video fully documented the incident. As much, there was no reason to investigate the complaints in the email any further.

Alvarez apparently did not retain the emails, having determined on his own that they were not accurate, and knowing that the emails would be destroyed in 180 days consistent with Metro's email policy.

## ARGUMENT

It is difficult to think of evidence more exculpatory than a claim that Ulrich's actions, or inaction, were responsible for Mr. Vance having to take certain actions. Yet, Alvarez decided to do nothing about the emails, to conduct no investigation about them, and not even to contact the officers who sent them. Most important, he evidently purposely did not keep copies of them, and knew that because they would be deleted from Metro's email system, no one else would be able to see them.

Mr. Vance recognizes that:

> To make out a claim that the destruction of evidence violated the Due Process Clause, "the defendant bears the burden of proving that the government failed in bad faith to preserve material and potentially exculpatory evidence." *United States v. McKie*, 951 F.2d 399, 403 (D.C. Cir. 1991) (citing *Arizona v. Youngblood*, 488 U.S. 51. 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)).

*United States v. Burnett*, 827 F.3d 110B, 1116 (D.C. Cir. 2016).

In the present case, there is no question about the fact that the emails were exculpatory, not just "potentially exculpatory." *Id*. Nor was Alvarez's failure to preserve

the emails "an inadvertent mistake," *id*.—he deliberately did not preserve the emails, knowing they would be deleted from Metro's email system in the near future.

While the due process violation is plain on its face, if the Court does not believe so, Mr. Vance requests that the Court hold a hearing on this motion to fully develop the facts.

## CONCLUSION

For the above reasons, Mr. Vance requests that the indictment be dismissed, or that, at the least, the Court hold an evidentiary hearing on the motion.

Respectfully submitted,

/s/
_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER
625 Indiana Ave., NW Suite 550
Washington, DC  20004
(202) 208-7500